UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SAMANTHA SCHAFFRATH,**
    Plaintiff,

Case No. 07-14909-CV

CHIEF JUDGE BERNARD A. FRIEDMAN
v.    MAGISTRATE JUDGE STEVEN D. PEPE

**HAMBURG TOWNSHIP** and
**JAMES STEINAWAY** in his individual
and official capacity,
    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR LEAVE TO RE-DEPOSE NATHAN MEAD (DKT. #30)

On December 12, 2008, Plaintiff filed a motion for leave to re-depose Office Nathan Mead (Dkt. #30). On October 27, 2008, during Officer Mead's deposition, he testified that he had spoken with Defense Counsel before the deposition began. (Exhibit A , pp. 12-13). Plaintiff's counsel then asked Officer Mead if he had been told what the other officers, including Defendant Steinaway, had testified to during their depositions. (Dkt. #30, Ex. A, p. 13). Defense Counsel instructed Officer Mead not to answer any questions related to any discussions between Officer Mead and Defense Counsel invoking attorney-client privilege. (Dkt. #30, Ex. A, pp. 13-14).

It is Plaintiff's position that the questioning was not intended to elicit privileged communication but only to determine if Officer Mead had been informed of the deposition testimony of Defendant Steinaway and Officers Eckman and Roberts. It appears that there were two separate communications made between Defense Counsel and Officer Mead. One that

occurred during Mead's employment shortly after this case was filed when he talked with defense counsel Michael Rosati.  The second one occurred after Officer Mead left the township to work for the Grand Rapids Police Department and was with defense counsel Carlito Young shortly before and apparently in preparation for Mead's deposition that occurred October 27, 2008.  It is not clearly established on this record that Officer Mead in his first conversations with Mr. Rosati was instructed to talk with Mr. Rosati by his employer, Hamburg Township, nor is it clear that Officer Mead was told that the conversation was to be kept confidential.   But assuming that to be the case for purposes of this decision, and assuming also the more obvious fact that the conversation was to assist defense counsel Rosati in gathering information from his client's employees to properly give them legal advise on this case, then that communication which occurred during the Officer Mead's employment is privileged.

   The second communication at issue occurred after Mead left his employment with the township and dealt with the matter of whether defense counsel Young spoke to him about other witnesses' deposition testimony.  The question is whether communication between a former employee and the township's counsel should be treated differently from communications with any other third-party fact witness.  *Infosystems, Inc. V. Ceridian Corp.*, 197 F.R.D. 303, 306 (E.D. Mich. 2000)(Rosen J.).  *Infosystems* held that former employees are not clients and any communication made should be treated no differently from communication between an attorney and a third-party fact witness, unless there is a showing that the communication should be treated differently.   In the present cases there is no showing as to why the pre-deposition conversations between defense counsel Young and Officer Mead should be treated as protected by attorney client privilege.

Defendants argue that because Officer Mead was an active participant in Plaintiff's arrest, all communications with him by defense counsel regarding the incident are subject to attorney-client privilege in order for the Township's attorney to provide a meaningful defense. Defendants argument, however, fails to demonstrate that the attorney-client privilege remained in existence or that Mead was bound to maintain in confidence any discussions with defense counsel after Officer Mead was no longer an employee of the Defendant Township.

At the hearing defense counsel Young acknowledged that shortly before the deposition he reviewed with Officer Mead what Mead had told Rosati shortly after the case was filed. It is not clear whether he also revealed to Officer Mead at that time the content of the depositions of the other defendant or other witnesses in this case. Apparently whatever Mead told Rosati was not written down by Rosati but was orally relayed by Rosati to Young. It is clear that if Mead was "refeshed" on his prior statements to Rosati and/or "briefed" on what the other witnesses had testified to, this "preping" of the witness may have formed a basis for his deposition testimony, and indeed may have induced the witness to conform his deposition testimony to his earlier (presumedly "safe") version given to Rosati and may have induced him to conform his testimony to the other witnesses in the case who had already been deposed. While the Court is not making any formal finding that such is the case, nor suggesting that what may be a rather common preparation technique is inappropriate, it comes at a cost. These possible influences on the deposition testimony of Officer Mead are fair topics for Plaintiff's counsel to inquire about so he can probe and test the basis of the witnesses recollection and his testimony, and later possibly convince a fact finder that Officer Mead's testimony had been influenced by such preparation and possibly was worthy of reduced credibility because of those influences. Again,

this is not a finding of fact, but an explanation why in the adversary process such factors that might have influenced the recollection or otherwise biased the testimony of a witness may be inquired into. Officer Mead was not an employee of he Defendant Township when he was prepared for his deposition, he owed them no legal duty of either loyalty or of confidence. Thus, the communication that took place between Officer Mead and defense counsel Young as part of the preparation for October 2008 deposition is not privileged and is properly subject to examination at his deposition. Again, this non-privileged communication pre-deposition is a separate attorney communication from the earlier conversations between defense counsel Rosati and an employee of his client which communication likely was protected by attorney client privilege.

Furthermore, if defense counsel Young decided to use in his deposition preparation of Officer Mead any information that Young obtained through communications that were otherwise privileged, that fact is insufficient to render the pre-deposition communications between defense counsel Young and Officer Mead privileged once Officer Mead was no longer an employee of the defendant. Obviously if defense counsel Young referred to any other witnesses deposition testimony, there is no possible issue of attorney client privilege because those depositions were not confidential communications.

Therefore, Plaintiff's motion to redepose Officer Mead for the purposes of inquiring into conversations he had with Defense Counsel in anticipation of his deposition testimony **IS GRANTED.** By agreement of the parties, a telephonic deposition of Officer Mead can occur. All costs for the second deposition shall be born by Defendant Hamburg Township or defense counsel, at their choosing. An accounting of the costs shall be submitted to the Court for final

approval if the parities cannot come to a consensual resolution on the issues of cost.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and E.D. Mich. LR 72.1(d).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.  Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


**SO ORDERED.**

                                                                s/Steven D. Pepe
                                                                United States Magistrate Judge

Dated:  January 8, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 8, 2009.

                                                                s/V. Sims
                                                                Case Manager